COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,
v.
UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

## No. 25-2226

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

---

## COMCAST CORPORATION AND COMCAST CABLE
## COMMUNICATIONS MANAGEMENT, LLC,

**Plaintiffs-Appellants,**

**v.**

## UNITED STATES DEPARTMENT OF LABOR;
## LORI CHAVEZ-DEREMER, in her official capacity
## as Secretary of the United States Department of Labor; WILLIAM P.
## FARLEY, in his official capacity as Administrative Law Judge,

**Defendants-Appellees.**

**On Appeal from the U.S. District Court
for the Eastern District of Virginia, Alexandria Division
No. 1:24-cv-1401 (Hon. Patricia Tolliver Giles)**

## BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE

**MATTHEW GLOSS**
2007 Mezes Avenue
Belmont, CA 94002
(650) 730-0842

**RICK HERMIDA**
55 Merrick Way, Ste 212
Coral Gables, FL 33134
(305) 461-1116

Counsel for Intervenors

**COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,**

**v.**

**UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1 and Local Rule 26.1,

Intervenors state that they are individuals and not corporations. No publicly held

corporation owns 10% or more of any ownership interest in Intervenors.

**COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,**

**v.**

**UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT………………………......1

INTRODUCTION……………………………………………………...........1

STATEMENT OF JURISDICTION………………………………………....4

STATEMENT OF THE ISSUES PRESENTED…............................................4

STATEMENT OF THE CASE.........................................................................5

   A. Factual Background…...............................................................................5

   B. Procedural Background............................................................................6

     i. The Whistleblower Complaint.............................................................6

     ii. Department of Labor Proceedings.....................................................7

     iii. This Action.........................................................................................8

SUMMARY OF ARGUMENT………...........................................................9

STANDARD OF REVIEW............................................................................12

ARGUMENT..................................................................................................12

   I. The Seventh Amendment Does Not Prohibit Congress From Assigning
     SOX Whistleblower Retaliation Claims To Administrative
     Adjudication........................................................................................13

     A. The Seventh Amendment Analysis Begins With The Statutory
       Cause Of Action Congress Enacted…...........................................14

     B. Caselaw Including *Atlas Roofing* Confirms That Congress May
       Assign Such Claims To Administrative Adjudication.................17

     C. Comcast's Attempt To Recharacterize The Statutory Claim As
       A Contract Dispute Fails.............................................................20

**COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,**

**v.**

**UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

D. The Government's Reversal Of Position Does Not Alter The Constitutional Analysis..................................................................21

II. The Remedies Authorized By § 1514A Are Equitable Make-Whole Relief And Do Not Trigger The Seventh Amendment..................................22

    A. § 1514A Authorizes Traditional Equitable Remedies Designed To Make The Employee Whole..................................................23

    B. The Supreme Court Treats Back Pay And Similar Make-Whole Relief As Equitable Remedies..................................................25

    C. Comcast's Attempt To Recharacterize The Statutory Remedies As Contract Damages Conflicts With The Structure Of The Statute And The Supreme Court's Framework..................................................26

    D. SOX Whistleblower Protection Serves Public Regulatory Objectives..................................................28

    E. Comcast's Theory Undermines Congress's Administrative Whistleblower Enforcement Framework..................................................29

III. SOX Whistleblower Retaliation Claims Fall Within The Public-Rights Doctrine Because Congress Integrated Them Into A Federal Regulatory Scheme Governing Public Companies…..………30

CONCLUSION…..................................................34

CERTIFICATE OF COMPLIANCE..................................................36

CERTIFICATE OF SERVICE..................................................37

iii

**COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,**
**v.**
**UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

# TABLE OF AUTHORITIES

## Cases

*Albemarle Paper Co. v. Moody*, 422 U.S. 405 (1975)......................................10, 19

*Atlas Roofing Co. v. Occupational Safety & Health Review Comm'n*,
430 U.S. 442 (1977)......................................3, 17, 19, 20, 25, 27, 32, 36

*Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833 (1986)....3, 28, 30, 36

*Curtis v. Loether*, 415 U.S. 189 (1974).......................................18, 19, 21

*Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962)....................................22

*Digital Realty Trust, Inc. v. Somers*, 583 U.S. 149 (2018)........................35

*Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998)......................21

*Granfinanciera, S.A. v. Nordberg*,
492 U.S. 33 (1989)………………………….....1, 10, 12, 13, 14, 16, 18, 19, 20, 21, 26

*Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002)...................21

*Lawson v. FMR LLC*, 571 U.S. 429 (2014).................................17, 26, 35

*Lorillard v. Pons*, 434 U.S. 575 (1978)................................................15

*Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*,
584 U.S. 325 (2018)..................................................3, 24, 26, 30, 32, 36

*SEC v. Jarkesy*, 603 U.S. 109 (2024).................................. 12, 18, 27, 36

*Tull v. United States*, 481 U.S. 412 (1987)...........................................19

*United States v. Windsor*, 570 U.S. 744 (2013)......................................23

**COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,**

**v.**

**UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

## Statutes

18 U.S.C. § 1514A......................................................1, 5, 14, 17, 20, 25, 26, 33, 34

28 U.S.C. § 1291……..............................................................................................4

28 U.S.C. § 1331…...............................................................................................4

## Other Authorities

Sarbanes—Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745 (2002)…...........2

**COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,**

**v.**

**UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity**
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

## STATEMENT REGARDING ORAL ARGUMENT

Intervenors do not believe oral argument would significantly aid the decisional process because the facts and legal arguments are adequately presented in the briefs and record.

## INTRODUCTION

This appeal is controlled by two settled principles, each independently sufficient to affirm. First, the Seventh Amendment inquiry begins—and largely ends—with the statutory cause of action Congress enacted and the remedies it authorized. Second, when Congress creates statutory rights within a federal regulatory scheme, it may assign their adjudication to an administrative tribunal. Comcast's theory fails at the threshold because it asks the court to label a federal whistleblower retaliation claim a common-law contract action. The Constitution does not permit that transformation, and this Court need not extend existing doctrine to reject it. Seventh Amendment analysis focuses on the statutory cause of action Congress enacted and the remedies it authorized, not on a defendant's characterization of the dispute. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). Because Intervenors' whistleblower claim arises under § 1514A, Congress was entitled to assign its adjudication to an administrative tribunal.

1

**COMCAST AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,**

v.

**UNITED STATES DEPARTMENT OF LABOR; LORI CHAVEZ-DEREMER, in her official capacity as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

SOX created a whistleblower protection regime designed to encourage the reporting of corporate fraud to safeguard the integrity of the Nation's securities markets. Sarbanes—Oxley Act, Pub. L. 107—204, 116 Stat. 745 (2002). Congress integrated those protections into a regulatory framework administered in the first instance by the Department of Labor.

Comcast actively litigated Intervenors' whistleblower claims in the administrative forum for an extended period after the administrative law judge determined that Intervenors established a prima facie case of retaliation. Comcast challenged the depositions of senior Comcast executives. Comcast then filed this collateral action to challenge the constitutionality of the administrative forum itself. The district court correctly rejected that challenge. The district court held that SOX whistleblower claims seek equitable, make-whole relief and do not trigger Seventh Amendment jury-trial rights. The district court further recognized that Congress integrated SOX's whistleblower retaliation claim provisions into the broader federal securities regulatory framework.

Under Comcast's characterization, defendants in statutory whistleblower retaliation cases could recast federal regulatory claims as jury-trial disputes simply by relabeling the requested relief as "contract damages." The Seventh Amendment does not permit a defendant's litigation strategy to redefine the statutory cause of

COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,
v.
UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

action Congress enacted, nor to displace Congress's chosen forum for its adjudication. The Supreme Court has never adopted such a rule. To the contrary, the Court has repeatedly recognized that Congress may create statutory rights within federal regulatory schemes and assign their adjudication to administrative tribunals. *See Atlas Roofing Co. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442, 455 (1977); *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 853–54 (1986); *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 584 U.S. 325, 334–35 (2018).

Comcast's position fails for the same reason in every doctrinal frame: it asks the Court to replace Congress's statute with its characterization of Intervenors' claim. Comcast asks the Court to decide a different case than the one Congress created. The Court need not extend existing doctrine to resolve this case; it need only apply it.

Because SOX whistleblower retaliation claims seek equitable, make-whole relief that Congress may entrust to administrative adjudication, the district court correctly dismissed Comcast's collateral challenge. The judgment should be affirmed.

3

**COMCAST AND COMCAST CABLE**
**COMMUNICATIONS MANAGEMENT, LLC,**
**v.**
**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

## STATEMENT OF JURISDICTION

The United States District Court for the Eastern District of Virginia had jurisdiction over this action under 28 U.S.C. § 1331 because Comcast's complaint asserted claims arising under the Constitution of the United States.

On September 23, 2025, the district court entered a final judgment granting the government's motion to dismiss and dismissing Comcast's complaint in its entirety. Comcast timely filed a notice of appeal.

This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES PRESENTED

1. **Seventh Amendment**

Does the Seventh Amendment prohibit Congress from assigning whistleblower retaliation claims created by 18 U.S.C. § 1514A to administrative adjudication before a Department of Labor administrative law judge?

2. **Public-Rights**

Do whistleblower retaliation claims created by Congress as part of the federal regulatory framework governing publicly traded companies fall within the public-rights doctrine, and may they be adjudicated in an administrative forum?

4

**COMCAST AND COMCAST CABLE**
**COMMUNICATIONS MANAGEMENT, LLC,**
**v.**
**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

## STATEMENT OF THE CASE

### A. Factual Background

This case arises from whistleblower retaliation complaints filed under 18 U.S.C. § 1514A by Lawrence Gloss and Travis Rosiek, former executives of BluVector, Inc., a cybersecurity company acquired by Comcast, and Intervenors. After the acquisition, BluVector's financial results were integrated into Comcast's consolidated financial reporting as a publicly traded company subject to the reporting requirements of the Securities Exchange Act of 1934.

Gloss and Rosiek allege that Comcast made representations to BluVector executives and personnel regarding incentive compensation associated with the acquisition. As BluVector's value increased following the acquisition, the potential value of those incentives increased significantly. The whistleblower complaint alleges that Comcast did not record or disclose the associated compensation liabilities in its financial statements or other filings with the U.S. Securities and Exchange Commission.

Gloss and Rosiek raised concerns internally within Comcast regarding the company's accounting treatment of those liabilities and whether Comcast's financial reporting accurately reflected its obligations under applicable securities-law disclosure rules. They allege that they reported these concerns to Comcast

5

**COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,**
v.
**UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

management, including senior executives, and that Comcast conducted an internal investigation after the concerns were raised.

The whistleblower complaint further alleges that after these reports were made, Comcast retaliated against Gloss and Rosiek by diminishing their responsibilities, reducing their roles within the organization, issuing negative performance evaluations, and ultimately constructively discharging them from their positions. The complaint asserts that those actions were taken because Gloss and Rosiek reported what they reasonably believed were violations of federal securities laws and SEC reporting requirements.

Based on those allegations, Gloss and Rosiek filed whistleblower retaliation claims under 18 U.S.C. § 1514A, which prohibits publicly traded companies from retaliating against employees who report securities fraud, violations of SEC rules, or other conduct relating to fraud against shareholders.

## B. Procedural Background

## i. The Whistleblower Complaint

In May 2022, Gloss and Rosiek each filed whistleblower complaints with the Occupational Safety and Health Administration ("OSHA"), the agency within the Department of Labor responsible for the initial investigation of SOX whistleblower claims.

6

**COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,**
**v.**
**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

The complaints alleged that Comcast retaliated against them for reporting securities-law violations and failures of internal financial reporting controls related to Comcast's accounting treatment of the incentive compensation liabilities associated with the BluVector acquisition.

Under the statutory framework Congress established for SOX whistleblower claims, OSHA investigates such complaints and may issue preliminary findings. If OSHA does not issue a final determination within the statutory period, complainants may elect to proceed to adjudication before the Department of Labor's Office of Administrative Law Judges.

After OSHA did not resolve the complaints within the statutory timeframe, Gloss and Rosiek exercised that option and filed their claims with the Department of Labor for administrative adjudication.

## ii. Department of Labor Proceedings

In April 2023, the cases were docketed before the Department of Labor's Office of Administrative Law Judges and were assigned to Administrative Law Judge William P. Farley. The proceedings were consolidated.

Comcast moved to dismiss the whistleblower complaints, arguing that the allegations did not state a protected disclosure under SOX. The administrative law judge denied that motion and determined that the whistleblower complaints alleged

7

COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,
v.
UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

a prima facie case under § 1514A and authorized discovery in the administrative proceedings. Discovery included the authorization of depositions of Comcast executives and other fact witnesses.

After the administrative proceedings progressed through the pleading stage and into discovery, Comcast initiated the collateral action that gives rise to this appeal.

### iii. This Action

Comcast's complaint asserted two constitutional claims. First, Comcast alleged that adjudicating the whistleblower retaliation claims before a Department of Labor administrative law judge violated the Seventh Amendment and Article III of the U.S. Constitution because the complainants sought what Comcast characterized as legal damages requiring a jury-trial. Second, Comcast asserted that the statutory removal protections applicable to Department of Labor administrative law judges violated Article II.

The Department of Labor moved to dismiss Comcast's complaint.

After full briefing and oral argument, the district court granted the Department of Labor's motion and dismissed Comcast's suit. The court held that the remedies authorized by § 1514A are equitable make-whole remedies that do not trigger the Seventh Amendment jury-trial right. The court further held that

8

COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,
v.
UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

SOX whistleblower retaliation claims fall within the public-rights doctrine because Congress integrated them into a federal regulatory scheme governing the conduct of publicly traded companies and the integrity of the Nation's securities markets.

The district court also dismissed Comcast's Article II claim, concluding that Comcast had not plausibly alleged a compensable injury arising from the removal protections applicable to administrative law judges.

Comcast now appeals that judgment.

## SUMMARY OF ARGUMENT

The Seventh Amendment does not entitle Comcast to a jury-trial in this case because SOX's whistleblower retaliation provisions provide equitable, make-whole remedies that Congress assigned to administrative adjudication within a federal regulatory scheme. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418—21 (1975). Comcast's argument depends on recharacterizing a statutory retaliation claim as a common-law breach-of-contract dispute, but because SOX whistleblower claims seek equitable relief and fall within the public-rights doctrine, the district court correctly dismissed Comcast's constitutional challenge.

The district court correctly rejected Comcast's attempt to halt ongoing administrative whistleblower proceedings through a collateral constitutional challenge. SOX itself establishes a comprehensive statutory framework designed to

9

COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,
v.
UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

protect employees who report corporate fraud and securities violations. As part of that framework, Congress assigned the initial adjudication of retaliation claims to the Department of Labor and provided equitable, make-whole remedies intended to restore employees harmed by unlawful retaliation. Because those remedies are equitable in nature, the Seventh Amendment does not require a jury-trial. *Albemarle,* 422 U.S. at 418—21.

Comcast's argument rests on a mischaracterization of the underlying claim. The administrative complaint brought by Intervenors asserts a statutory cause of action for retaliation under 18 U.S.C. § 1514A. Yet Comcast—and now the federal defendants on appeal—attempt to recast that claim as a common-law breach-of-contract dispute concerning alleged incentive compensation. That reframing is incompatible with the Seventh Amendment analysis required by the Supreme Court's precedents. Courts determine whether the Seventh Amendment applies by examining the statutory cause of action Congress enacted and the remedies Congress provided. *Granfinanciera*, 492 U.S. at 42. SOX does not create a contract cause of action; it creates a federal retaliation claim designed to protect whistleblowers who report securities fraud.

The remedies available under § 1514A further confirm that the Seventh Amendment does not apply. The statute authorizes reinstatement, back pay, and

10

**COMCAST AND COMCAST CABLE**
**COMMUNICATIONS MANAGEMENT, LLC,**
**v.**
**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

other forms of make-whole relief intended to restore the employee to the position he or she would have occupied absent retaliation. Such remedies have long been recognized as equitable in nature. Unlike the civil penalties at issue in *SEC v. Jarkesy*, 603 U.S. 109 (2024), which the Supreme Court held were punitive and legal in nature, the relief authorized by SOX is restorative rather than punitive. The district court correctly concluded that the administrative proceedings do not implicate Seventh Amendment jury-trial rights.

SOX whistleblower claims fall within the public-rights doctrine. Congress enacted the statute as part of the federal securities regulatory framework to ensure that employees can safely report corporate fraud potentially affecting the integrity of U.S. financial markets. Because those claims arise within a federal regulatory program and seek statutory remedies created by Congress, their adjudication may be assigned to an administrative tribunal. *Atlas Roofing*, 430 U.S. at 455.

Comcast's contrary position would disrupt the statutory framework Congress designed. Comcast seeks to transform a claim assigned by law as administrative into a civil jury-trial dispute. The Seventh Amendment does not compel that result. The district court correctly dismissed Comcast's suit, and the district court's judgment should be affirmed.

11

**COMCAST AND COMCAST CABLE**
**COMMUNICATIONS MANAGEMENT, LLC,**
**v.**
**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

## STANDARD OF REVIEW

This Court reviews de novo a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6). In conducting that review, the Court accepts the complaint's factual allegations as true and draws reasonable inferences in the plaintiff's favor. Constitutional questions and issues of statutory interpretation are also reviewed de novo.

## ARGUMENT

This case is governed by two settled principles. First, Seventh Amendment doctrinal analysis is fixed by the statute Congress enacted and the remedies it authorized. *Granfinanciera*, 492 U.S. at 42. Second, when Congress enacts a statutory right within a federal regulatory framework and provides equitable make-whole relief, it may assign the initial adjudication of that claim to an administrative tribunal. *Atlas Roofing*, 430 U.S. at 455—56. Intervenors' claim arises under 18 U.S.C. § 1514A and alleges retaliation for protected whistleblowing activity—not breach of contract—and the statute authorizes equitable relief designed to make the employee whole—not expectation damages. Because the claim is statutory in nature and its remedies are equitable, the Seventh Amendment does not require a jury-trial, and Congress acted within its constitutional authority in assigning its adjudication to the Department of Labor.

12

**COMCAST AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,**

**v.**

**UNITED STATES DEPARTMENT OF LABOR; LORI CHAVEZ-DEREMER, in her official capacity as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

## I. The Seventh Amendment Does Not Prohibit Congress From Assigning SOX Whistleblower Retaliation Claims To Administrative Adjudication

The Seventh Amendment guarantees a jury-trial only in "suits at common law," not in statutory retaliation claims Congress enacted as part of a federal regulatory program. *Curtis v. Loether*, 415 U.S. 189, 193 (1974) (holding that the Seventh Amendment applies to statutory claims analogous to common-law actions). Because § 1514A authorizes equitable remedies designed to make employees whole for retaliation, Congress acted well within its constitutional authority in assigning initial adjudication of those claims to the Department of Labor.

Comcast's argument rests on one simple premise: that because the complainants seek monetary relief, the dispute must be treated as a traditional damages action requiring a jury-trial. But the Supreme Court has repeatedly rejected that approach. *Granfinanciera*, 492 U.S. at 42. Seventh Amendment analysis turns not on the magnitude of a potential monetary award but on the nature of the statutory claim Congress enacted and the purpose of the remedy Congress authorized. *See Granfinanciera*, 492 U.S. at 42. When Congress enacts a statutory cause of action within a federal regulatory framework and authorizes equitable make-whole relief, the resulting claim does not become a common-law

13

COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,
v.
UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

damages action merely because monetary relief may be necessary to restore the injured party.

The Seventh Amendment does not permit defendants to transform a statutory retaliation claim Congress enacted to protect securities whistleblowers into a common-law contract dispute simply by focusing on the subject matter of the whistleblowing. The constitutional inquiry begins with the cause of action Congress enacted and the remedies Congress authorized, and those features confirm that § 1514A retaliation claims may be adjudicated in the administrative forum Congress prescribed. *Granfinanciera*, 492 U.S. at 42.

## A. The Seventh Amendment Analysis Begins With The Statutory Cause Of Action Congress Enacted

The Supreme Court has repeatedly explained that determining whether the Seventh Amendment applies to a statutory claim requires courts to examine "the nature of the statutory action and the remedy sought." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 348 (1998); *see also Granfinanciera,* 492 U.S. at 42; *Curtis v. Loether*, 415 U.S. 189, 193–94 (1974) (holding that the Seventh Amendment applies to statutory claims only when Congress enacts a cause of action analogous to suits at common law); *Lorillard v. Pons,* 434 U.S. 575, 583–84 (1978) (explaining that jury rights under federal statutes depend on

14

**COMCAST AND COMCAST CABLE**
**COMMUNICATIONS MANAGEMENT, LLC,**
**v.**
**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

congressional design). Courts do not determine whether a jury-trial is required by accepting a defendant's characterization of the dispute; they examine the statutory claim Congress enacted. Applied here, that framework resolves Comcast's argument at the outset because the cause of action is a statutory retaliation claim under § 1514A, not a common-law contract action.

Both Comcast and the government depart from that framework. Rather than analyzing the statutory cause of action Congress enacted in § 1514A, they attempt to redefine the underlying dispute as a common-law breach-of-contract claim because the whistleblowing subject matter was Comcast's wage liability reporting and related internal controls failures. *See* Comcast Br. 17–18; U.S. Br. 9. But the Seventh Amendment analysis cannot begin with a defendant's alternative description of the case. It begins with the cause of action Congress enacted.

Comcast's theory depends on redefining the statutory cause of action itself. But the Seventh Amendment does not permit a defendant to transform a statutory claim into a different common-law action by characterizing the requested relief as "contract damages." Accepting Comcast's theory would allow defendants to convert any statutory claim into a jury-trial action through litigation framing alone—a result the Seventh Amendment has never permitted.

15

COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,

v.

UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

SOX's whistleblower provisions establish a statutory retaliation claim with elements wholly distinct from common-law contract liability. To prevail, a complainant must demonstrate protected whistleblowing activity, employer knowledge, an adverse employment action, and causation. *See Lawson v. FMR LLC*, 571 U.S. 429, 432–34 (2014) (describing the structure and purpose of § 1514A). Those elements do not resemble the elements of a breach-of-contract claim, and the existence of a contract is not a prerequisite for liability under the statute. An employee who reports securities fraud—as Gloss and Rosiek did—and is discharged in retaliation—as Gloss and Rosiek were—may prevail under § 1514A even if no contractual promise concerning compensation ever existed. Allowing defendants to redefine a statutory retaliation claim as a different common-law cause of action would invert the Seventh Amendment analysis by permitting the constitutional inquiry to begin not with the statute Congress enacted, but with a defendant's litigation theory.

Comcast's reliance on *SEC v. Jarkesy*, 603 U.S. 109 (2024) overlooks the feature of *Jarkesy* the Court identified as dispositive: the SEC sought punitive civil penalties historically imposed by juries. *Jarkesy*, 603 U.S. at 132–33. The Court repeatedly emphasized that those characteristics placed the case within the historical core of the Seventh Amendment. *Id.* By contrast, this case involves no

16

**COMCAST AND COMCAST CABLE**
**COMMUNICATIONS MANAGEMENT, LLC,**
**v.**
**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

punitive sanction, no common-law analogue, and no jury-tradition trigger—the three features Jarkesy identified as dispositive. The remedies authorized by § 1514A are make-whole remedies designed to restore employees harmed by retaliation, including reinstatement and back pay. In *Jarkesy*, the Court repeatedly emphasized that civil penalties—designed to punish and deter—were "the most important" feature triggering the jury right. *Id.* at 132. § 1514A authorizes no such penalties.

## B. Caselaw Including *Atlas Roofing* Confirms That Congress May Assign Such Claims To Administrative Adjudication

The Supreme Court has repeatedly confirmed that Congress may assign the adjudication of statutory rights created within federal regulatory programs to administrative tribunals. *Atlas Roofing Co. v. Occupational Safety & Health Review Comm'n,* 430 U.S. 442 (1977). When Congress enacts new statutory rights to enforce a regulatory scheme—such as the whistleblower protections Congress enacted in SOX—it may also determine that those rights will be adjudicated in an administrative forum rather than before a jury.

The fact that equitable relief may require the payment of substantial monetary sums does not transform such remedies into legal damages requiring a jury-trial. Courts have long recognized that backpay and other make-whole

17

COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,
v.
UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

remedies remain equitable when awarded to restore a plaintiff to the position he or she would have occupied absent unlawful conduct. *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418–21 (1975) (characterizing back pay under Title VII as equitable relief designed to make victims whole); *Curtis v. Loether*, 415 U.S. 189, 196–97 (1974); *Tull v. United States*, 481 U.S. 412, 417–18 (1987); *Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1423 (4th Cir. 1991). Congress adopted the same restorative framework in § 1514A, authorizing relief necessary to make the employee whole. The magnitude of a monetary award does not alter its equitable character when Congress has authorized it as make-whole relief.

This conclusion is reinforced by the Supreme Court's recognition that Congress may assign the adjudication of newly created statutory rights within a federal regulatory scheme to administrative tribunals even when monetary remedies are involved. In *Atlas Roofing*, 430 U.S. at 455–56, the Court held that when Congress enacts "new statutory public-rights," it may entrust their enforcement to administrative adjudication without a jury-trial. The Court explained that the Seventh Amendment does not prevent Congress from designing administrative enforcement mechanisms for statutory rights that did not exist at common law. *Id.* at 450. That principle controls here: § 1514A created a new statutory retaliation claim within the federal securities regulatory framework and

18

**COMCAST AND COMCAST CABLE**
**COMMUNICATIONS MANAGEMENT, LLC,**
**v.**
**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

assigned its adjudication to the Department of Labor as part of that enforcement scheme.

The remedial structure of § 1514A confirms that this action cannot be reduced to a contract dispute. The statute authorizes "all relief necessary to make the employee whole," including reinstatement, back pay with interest, and compensation for litigation costs and special damages. 18 U.S.C. § 1514A(c). Those remedies restore employees harmed by retaliation; they do not enforce contractual expectations.

Comcast argues that the requested relief must nevertheless be considered legal because it allegedly seeks "the classic form of legal relief"—payment of money. Comcast Br. 18 (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002)). But that contention conflates two distinct categories of monetary relief. As the Supreme Court has repeatedly explained, monetary awards can be either legal or equitable depending on their purpose. *See Granfinanciera*, 492 U.S. at 42; *Curtis*, 415 U.S. at 197.

The relief authorized by § 1514A falls squarely in the latter category. It is expressly limited to remedies "necessary to make the employee whole," reflecting Congress's intent to restore whistleblowers harmed by retaliation rather than to impose punitive sanctions. Because those remedies are equitable in nature, the

19

COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,
v.
UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

Seventh Amendment does not require a jury-trial and does not prevent Congress from assigning their adjudication to an administrative tribunal.

## C. Comcast's Attempt To Recharacterize The Statutory Claim As A Contract Dispute Fails

Comcast's constitutional theory depends on recharacterizing the statutory retaliation claim Congress enacted as an ordinary breach-of-contract action. But the Seventh Amendment analysis does not permit defendants to redefine statutory whistleblower retaliation claims based on the subject matter of the whistleblowing. Liability under § 1514A turns on retaliation for protected reporting activity—not on the existence or breach of any contractual promise concerning compensation.

The principal authorities on which Comcast relies—*Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962), and *Feltner v. Columbia Pictures Television*, 523 U.S. 340 (1998)—do not support its argument. Those cases involved claims that were themselves legal in nature: a contract dispute seeking damages in *Dairy Queen*, and statutory damages for copyright infringement in *Feltner*. In each case, the underlying cause of action resembled a traditional common-law claim tried before juries.

Here, by contrast, the cause of action is a federal whistleblower retaliation claim embedded within a comprehensive regulatory statute designed to promote

20

**COMCAST AND COMCAST CABLE**
**COMMUNICATIONS MANAGEMENT, LLC,**
**v.**
**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

the reporting of securities fraud. *See Lawson*, 571 U.S. at 432–34. The alleged compensation dispute is relevant only as the subject matter of the whistleblowing activity, not as the basis of Intervenors' claim. The analogy to contract litigation fails at the outset.

## D. The Government's Reversal of Position Does Not Alter the Constitutional Analysis

In the district court, the federal defendants defended the constitutionality of the SOX whistleblower framework and the district court agreed. See JA116–119. On appeal, however, the government now adopts Comcast's characterization of the dispute as an ordinary contract case and asks this Court to reverse the judgment it previously defended. The government's change in position does not alter the analysis and warrants no deference. In fact, that shift confirms the absence of any stable constitutional theory supporting reversal. The constitutionality of a statute does not depend on the Executive Branch's litigation posture in a particular case. Courts independently apply the governing constitutional principles to the statute Congress enacted. *See, e.g., United States v. Windsor*, 570 U.S. 744, 760 (2013).

For the reasons the district court carefully explained, § 1514A retaliation claims are outside the class of suits that must be tried before a jury. The Seventh Amendment does not prevent Congress from assigning the initial adjudication of §

21

**COMCAST AND COMCAST CABLE**
**COMMUNICATIONS MANAGEMENT, LLC,**
**v.**
**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

1514A retaliation claims to the Department of Labor. Remedies awarded in administrative proceedings are then subject to review on a developed record. This was Congress's intent for the adjudication of § 1514A retaliation claims.

## II. The Remedies Authorized by § 1514A Are Equitable Make-Whole Relief and Do Not Trigger the Seventh Amendment

The relief authorized by § 1514A confirms that the Seventh Amendment does not require a jury-trial. Congress limited the remedies for whistleblower retaliation to equitable make-whole relief, including reinstatement, back pay with interest, and compensation for damages caused by retaliation. Remedies designed to restore employees to the position they would have occupied absent unlawful retaliation have long been recognized as equitable in nature.

Comcast and the federal defendants urge a contrary conclusion, arguing that this case involves a "private-right" contract dispute outside the public-rights doctrine. Comcast Br. 44—47; U.S. Br. 11–14. But that characterization rests on the same flawed premise underlying their Seventh Amendment argument: the assumption that the statutory retaliation claim Congress enacted in § 1514A may be recharacterized as a common-law contract action. Once the statutory nature of the claim is initially acknowledged, the public-rights analysis follows

22

COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,
v.
UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

straightforwardly from controlling precedent that recognizes Congress's authority to assign the adjudication of such regulatory rights to administrative tribunals.

The presence of a private employment relationship does not alter the constitutional analysis where Congress has created a statutory right to enforce public regulatory objectives.

## A. Section 1514A Authorizes Traditional Equitable Remedies Designed to Make the Employee Whole

§ 1514A expressly limits relief to that "necessary to make the employee whole." 18 U.S.C. § 1514A(c). The statute authorizes reinstatement, back pay with interest, and compensation for litigation costs and special damages caused by retaliation. These remedies reflect Congress's intent to restore employees harmed by retaliation rather than to impose punitive sanctions.

The Supreme Court has repeatedly explained that Congress may assign the adjudication of certain statutory rights to administrative tribunals when those rights arise as part of a federal regulatory program. The leading decision is *Atlas Roofing*, in which the Court upheld Congress's decision to entrust the adjudication of workplace-safety violations to an administrative tribunal rather than a jury. 430 U.S. at 455. The Court emphasized that when Congress enacts "new statutory 'public-rights'" as part of a regulatory scheme, it may also prescribe the manner in

23

**COMCAST AND COMCAST CABLE**
**COMMUNICATIONS MANAGEMENT, LLC,**
**v.**
**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

which those rights are enforced, including administrative adjudication without a jury. *Id.* at 455–56. The whistleblower protections Congress enacted in SOX operate in precisely this way: they incentivize employees of public companies to report violations of federal securities law and thereby strengthen enforcement of the Nation's financial reporting system.

Subsequent cases have reaffirmed that principle. In *Oil States Energy Services, LLC v. Greene's Energy Group, LLC*, the Court held that Congress could authorize the Patent Trial and Appeal Board to reconsider previously issued patents because patents are public franchises arising from a federal statutory scheme. 584 U.S. at 334–36. Similarly, *Granfinanciera, S.A. v. Nordberg* recognized that the public-rights doctrine applies where Congress integrates adjudication into a federal regulatory program and assigns enforcement to a non-Article III tribunal. 492 U.S. at 51–52.

The SOX whistleblower provisions fit squarely within this line of cases. Congress enacted § 1514A as part of a comprehensive federal effort to protect investors and restore confidence in the Nation's securities markets following major corporate accounting scandals. See *Lawson v. FMR LLC*, 571 U.S. 429, 432 (2014). To encourage the reporting of corporate fraud, Congress enacted a statutory retaliation claim and integrated its enforcement into an administrative

24

COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,
v.
UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

framework administered by the Department of Labor. *Id.* That framework mirrors the structure Congress has long used for other employment-related whistleblower statutes.

Under *Atlas Roofing* and its progeny, Congress was fully entitled to assign the adjudication of such statutory claims to an administrative tribunal.

## B. The Supreme Court Treats Back Pay and Similar Make-Whole Relief as Equitable Remedies

The Supreme Court has long treated back pay and similar make-whole remedies as equitable relief designed to restore employees harmed by unlawful conduct.

Comcast's reliance on *SEC v. Jarkesy*, 603 U.S. 109 (2024) overlooks the feature the Court identified as dispositive: the SEC sought punitive civil penalties historically imposed by juries. The claim at issue here is not a common-law fraud action; it is a statutory retaliation claim enacted by Congress to protect whistleblowers who report securities violations. *Jarkesy* involved an SEC enforcement action seeking punitive civil penalties, a form of relief historically imposed by juries. 603 U.S. at 132–33. The Court emphasized that those penalties—designed to punish and deter wrongdoing—placed the case within the historical core of the Seventh Amendment. *Id.* By contrast, the relief authorized by

25

**COMCAST AND COMCAST CABLE**
**COMMUNICATIONS MANAGEMENT, LLC,**
**v.**
**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

§ 1514A is restorative make-whole relief, including reinstatement and back pay, designed to remedy retaliation rather than to punish wrongdoing.

Comcast's reliance on *Jarkesy* depends upon the same recharacterization of the underlying claim that undermines its Seventh Amendment argument. By insisting that the administrative proceeding is really a contract dispute, Comcast attempts to transform a statutory whistleblower retaliation claim into the type of private-law action that *Jarkesy* addressed. The statutory claim here bears little resemblance to a traditional contract action.

## C. Comcast's Attempt to Recharacterize the Statutory Remedies as Contract Damages Conflicts with the Structure of the Statute and the Supreme Court's Seventh Amendment Framework

Comcast nevertheless contends that the relief sought here must be considered legal damages because it involves the payment of money. That argument misunderstands the distinction between legal damages and equitable restitution. Monetary relief remains equitable when it is awarded to restore a plaintiff to the position he or she would have occupied absent unlawful conduct.

In the district court, the federal defendants argued that SOX whistleblower claims fall within the public-rights doctrine because the statute is "closely integrated into a regulatory scheme." JA118–119. The district court agreed,

26

COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,
v.
UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

concluding that Congress permissibly assigned the adjudication of such claims to the Department of Labor.

On appeal, the government has reversed course and now contends that the dispute involves a private-right contract claim outside the public-rights doctrine. U.S. Br. 12–14. The government offers no persuasive explanation for this change in position, and the constitutional analysis does not turn on the government's changing litigation posture.

The public-rights doctrine depends on the nature of the statutory right Congress enacted and the regulatory framework in which it operates. Those features remain unchanged. § 1514A created a statutory cause of action designed to protect whistleblowers who report corporate fraud, and Congress integrated that cause of action into a federal administrative enforcement scheme administered by the Department of Labor. Under *Atlas Roofing*, *Granfinanciera*, and *Oil States*, Congress was entitled to do precisely that.

Comcast's argument rests on the premise that the public-rights doctrine applies only when the government is a party to the proceeding. The Supreme Court has repeatedly rejected that limitation. As the Court explained in *Commodity Futures Trading Comm'n v. Schor*, Congress may authorize administrative adjudication of disputes between private parties when those disputes arise within a

27

**COMCAST AND COMCAST CABLE**
**COMMUNICATIONS MANAGEMENT, LLC,**
**v.**
**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

federal regulatory scheme. 478 U.S. 833, 853–54. The critical inquiry is not whether the litigants are private actors, but whether the statutory right at issue was created as part of a broader regulatory program governing public conduct. *See Atlas Roofing*, 430 U.S. at 455; see also *Oil States,* 584 U.S. at 334–35. The SOX whistleblower provisions plainly satisfy that standard. Congress enacted § 1514A to promote the reporting of corporate fraud and to protect the integrity of the Nation's securities markets. The retaliation claim asserted here arises within a federal regulatory scheme designed to safeguard public interests.

## D. SOX Whistleblower Protection Serves Public Regulatory Objectives

Congress enacted SOX to protect investors and restore confidence in the Nation's securities markets following major corporate accounting scandals. The whistleblower protections codified in § 1514A serve that regulatory objective by encouraging employees to report violations of federal securities laws.

Finally, the statutory context underscores why the public-rights doctrine applies here. SOX was enacted to address systemic failures in corporate governance that threatened the integrity of the Nation's financial markets. See *Lawson*, 571 U.S. at 432–33. Whistleblower protection was a central component of that reform effort, designed to ensure that employees could report securities fraud without fear of retaliation.

28

COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,
v.
UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

Adjudicating such claims within an administrative framework reflects Congress's judgment about how best to enforce those protections. That judgment falls squarely within Congress's authority to structure the enforcement of statutory rights created as part of a federal regulatory program.

For these reasons, the district court correctly concluded that SOX whistleblower retaliation claims fall within the public-rights doctrine.

## E. Comcast's Theory Undermines Congress's Administrative Whistleblower Enforcement Framework

Comcast's constitutional theory would significantly disrupt the administrative enforcement framework Congress enacted for whistleblower protections. If every retaliation claim seeking substantial monetary relief required a jury-trial, the administrative adjudication systems Congress established across multiple regulatory programs would be called into question.

Comcast's theory would have consequences far beyond this case. Nothing in the Supreme Court's recent decisions suggests such a sweeping disruption of longstanding administrative practice. To the contrary, the Court has repeatedly recognized that Congress may assign the adjudication of statutory rights arising within federal regulatory schemes to administrative tribunals. *See Atlas Roofing,* 430 U.S. at 455; see also *Oil States,* 584 U.S. at 334–35.

29

**COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,**
v.
**UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

§ 1514A thus reflects Congress's decision to extend an established administrative enforcement model rather than to invent a novel adjudicatory scheme. By incorporating that familiar framework into the securities context, Congress ensured that employees who report corporate fraud could obtain prompt and effective protection against retaliation. Comcast's constitutional theory would call into question not merely the proceedings at issue here, but a longstanding system of administrative whistleblower adjudication on which Congress has repeatedly relied. Nothing in the Seventh Amendment or the Supreme Court's recent decisions requires that result. To the contrary, the Court's precedents confirm that Congress may assign the adjudication of statutory rights arising within federal regulatory schemes to administrative tribunals. § 1514A falls within the constitutional framework the Supreme Court has repeatedly recognized and does not trigger a Seventh Amendment jury-trial right.

## III. SOX Whistleblower Retaliation Claims Fall Within the Public-Rights Doctrine Because Congress Integrated Them Into a Federal Regulatory Scheme Governing Public Companies

Even apart from the Seventh Amendment remedial analysis, SOX whistleblower claims fall definitively within the public-rights doctrine. Congress enacted § 1514A as part of a comprehensive federal regulatory framework designed to protect investors and the integrity of the Nation's securities markets.

30

**COMCAST AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,**

v.

**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

When Congress enacts statutory rights within such a regulatory scheme, it may assign their adjudication to administrative tribunals.

Comcast's constitutional theory depends on a premise the statute itself rejects: that a whistleblower-retaliation claim Congress enacted to protect securities reporting can be recast as an ordinary contract dispute whenever the underlying whistleblowing concerns compensation practices. But the Seventh Amendment inquiry begins with the cause of action Congress enacted and the remedies Congress authorized—not with a defendant's effort to reframe the dispute. Because § 1514A creates a statutory retaliation claim seeking equitable make-whole relief within a federal regulatory scheme designed to protect investors and the integrity of the Nation's financial markets, Congress acted well within its constitutional authority in assigning the initial adjudication of those claims to the Department of Labor.

Congress determined that effective enforcement of federal securities laws depends in significant part on employees who report fraud, accounting irregularities, and failures of internal controls. The whistleblower provisions codified at 18 U.S.C. § 1514A serve a public enforcement function: they encourage employees of public companies to report violations that threaten the transparency and accuracy of financial reporting. Claims brought under those

31

COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,
v.
UNITED STATES DEPARTMENT OF LABOR;
LORI CHAVEZ-DEREMER, in her official capacity
as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

provisions do not merely resolve private disputes over compensation. They implement Congress's regulatory objective of safeguarding the reliability of the Nation's financial markets. *See Digital Realty Trust, Inc. v. Somers*, 583 U.S. 149, 153–54 (2018) (explaining that federal whistleblower statutes were enacted to strengthen enforcement of securities laws by encouraging employees to report violations).

The retaliation claim created by § 1514A functions as an integral component of federal securities regulation. Congress enacted the statute to ensure that employees of public companies can report fraud, accounting irregularities, and failures of internal controls without fear of retaliation. *Lawson v. FMR LLC*, 571 U.S. 429, 432–33 (2014). In that sense, the statute does not merely resolve a private dispute between employer and employee; it enforces a federal policy designed to protect investors and the integrity of the Nation's securities markets.

The district court correctly concluded that SOX whistleblower claims do not trigger a Seventh Amendment jury-trial right because they seek equitable, restorative relief designed to make employees whole for unlawful retaliation. In addition, the district court correctly recognized that § 1514A operates within a federal regulatory framework enacted to safeguard investors and the integrity of the Nation's financial markets. Congress was entitled to assign the initial

**COMCAST AND COMCAST CABLE**
**COMMUNICATIONS MANAGEMENT, LLC,**
**v.**
**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

adjudication of statutory whistleblower claims like the Intervenors' to the Department of Labor. *See Atlas Roofing,* 430 U.S. at 455; *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. at 853–54 (1986); *Oil States,* 584 U.S. at 334–35 (2018).

Nothing in *SEC v. Jarkesy* requires a different result. 603 U.S. 109 (2024). *Jarkesy* involved administrative fraud enforcement seeking punitive civil penalties—features that placed that case within the historical core of the Seventh Amendment. This case involves neither common-law fraud nor punitive penalties. This case falls at the core—not the periphery—of the public-rights doctrine. Extending *Jarkesy* to a statutory whistleblower retaliation claim seeking make-whole employment relief would require constitutional enlargement.

The federal defendants now state that the district court's judgment was "consistent with and predicated on arguments advanced by the federal defendants in district court," and they state that they have "concluded that these arguments were advanced in error." Brief of Appellees at 9, Comcast Corp. v. DOL, No. 25-2226 (4th Cir. Feb. 27, 2026). This shift underscores—not undermines—the need for this Court to apply settled doctrine independent of litigation positions. Ultimately, the correctness of the district court's judgment does not turn on the

33

**COMCAST AND COMCAST CABLE**
**COMMUNICATIONS MANAGEMENT, LLC,**
**v.**
**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

government's change of position. It turns on the statute Congress enacted and the precedents that govern it. Those authorities support affirmance.

## CONCLUSION

Section 1514A creates a statutory retaliation claim embedded within a federal regulatory framework and authorizes equitable make-whole relief. Under settled precedent, Congress may assign the adjudication of such claims to an administrative tribunal. Because Comcast's constitutional theory depends on recasting that statutory scheme as something it is not, the judgment of the district court should be affirmed in full.

34

**COMCAST AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,**

**v.**

**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
**as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

Respectfully submitted,


/s/ Matthew Gloss
Matthew Gloss
2007 Mezes Avenue
Belmont, CA 94002
(650) 730-0842
matthew_gloss@yahoo.com


Rick Hermida
55 Merrick Way, Ste 212
Coral Gables, FL 33134
(305) 461-1116
rick@rphermida.com


Counsel for Intervenors


Dated: March 31, 2026

35

**COMCAST AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,**

v.

**UNITED STATES DEPARTMENT OF LABOR; LORI CHAVEZ-DEREMER, in her official capacity as Secretary of the United States Department of Labor; WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

# CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 9,052 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in 14-point Times New Roman font.


/s/ Matthew Gloss

Matthew Gloss

Dated: March 31, 2026

36

**COMCAST AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,**
**v.**
**UNITED STATES DEPARTMENT OF LABOR;**
**LORI CHAVEZ-DEREMER, in her official capacity**
as Secretary of the United States Department of Labor; **WILLIAM P. FARLEY, in his official capacity as Administrative Law Judge,**

*BRIEF OF INTERVENORS IN SUPPORT OF AFFIRMANCE*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2026, I electronically filed the foregoing

Brief of Intervenors in Support of Affirmance with the Clerk of the Court for the

United States Court of Appeals for the Fourth Circuit by using the CM/ECF

system. I certify that all participants in the case are registered CM/ECF users and

that service will be accomplished by the CM/ECF system.

Respectfully submitted,

/s/ Matthew Gloss
Matthew Gloss
2007 Mezes Avenue
Belmont, CA 94002
(650) 730-0842
matthew_gloss@yahoo.com

Rick Hermida
55 Merrick Way, Ste 212
Coral Gables, FL 33134
(305) 461-1116
rick@rphermida.com

Counsel for Intervenors

Dated: March 31, 2026